**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4280

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TARIQ BELT,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(1:05-cr-00549-WDQ)

Submitted:  October 27, 2006      Decided:  November 14, 2006

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Christopher
J. Romano, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tariq Belt appeals his conviction and sentence to one year in prison and one year of supervised release after pleading guilty to possession of cocaine in violation of 21 U.S.C. § 844(a) (2000) and 18 U.S.C. § 3147 (2000). We affirm.

Belt contends the district court lacked subject matter jurisdiction over his prosecution because there was no verified complaint, the district court is not a "common law court," prosecutions may not be brought in the name of the government, and he is a sovereign who unwittingly relinquished his freedom to the United States. These claims are utterly devoid of merit. Subject matter jurisdiction over a federal prosecution is conferred on the district court by 18 U.S.C. § 3231 (2000). United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts." Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

Belt also contends that the district court lacked jurisdiction because he was operating as a "government agent" at the time of the offense. During Belt's Fed. R. Crim. P. 11 hearing before the district court, Belt agreed with the Government's account of the underlying events, admitting that he was guilty of the crime of possession of cocaine. Belt was arrested following a controlled drug sale with a government informant, and there is no

- 2 -

evidence that Belt was operating as a "government agent" during the narcotics transaction that gave rise to the charge. This claim lacks a factual or legal basis.

Accordingly, we affirm Belt's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
